UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Amy L. Bennecoff | | Lindsey A. Morgan |

**Proceedings:**   **(In Chambers): Order GRANTING in part and DENYING in part Defendant's motion for summary judgment**

Before the Court is Defendant Portfolio Recovery Associates, LLC's ("Defendant" or "PRA") motion for summary judgment. *See* Dkt. # 22. The Court heard oral arguments on the matter on June 24, 2013. After considering the arguments in the moving and opposing papers, as well as those raised at oral argument, the Court GRANTS in part and DENIES in part Defendant's motion for summary judgment.

I.    Background & Introduction

On May 16, 2013, Plaintiff Angela Johnson ("Plaintiff") filed an action alleging that Defendant violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788, *et seq.*, by repeatedly calling Plaintiff to collect a consumer debt and by falsely representing that the call was regarding an "important personal matter." *See* Dkt. # 1. Plaintiff brought six causes of action:  (1) violation of § 1692d of the FDCPA; (2) violation of § 1692d(5) of the FDCPA; (3) violation of § 1692e of the FDCPA; (4) violation of § 1692e(10) of the FDCPA; (5) violation of § 1692f of the FDCPA; and (6) violation of the Rosenthal Act. *Compl.* ¶¶ 25-36. On April 30, 2013, Defendant filed a motion for summary judgment as to all causes of action.

II.   Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That burden may be met by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III.   Discussion

Defendant asserts two arguments in support of its motion for summary judgment:  first, that the evidence presented by Plaintiff in opposition to the motion consists only of conclusory declarations, which are insufficient to create a triable issue of material fact when viewed in connection with the business records Defendant has submitted in support of its motion, *Reply* 2:1-4:17; and second, that the facts represented in the declarations, if taken as true, do not demonstrate a violation of the FDCPA or the Rosenthal Act, *id.* 4:18-9:6. The Court first addresses the sufficiency of the evidence and then considers whether it raises a triable issue of fact as to the merits of Plaintiff's claims.

A.   Evidence on the Record

i.   *Defendant's Evidence*

In support of its motion for summary judgment, Defendant submits the declaration of Timothy Rees ("Rees"), Defendant's Vice President of Operations; the account notes for Plaintiff's account ("Account Notes"); and telephone records showing calls dialed to Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

home telephone number ("Phone Log").  According to the Account Notes, Defendant began placing calls to Plaintiff's home phone number on May 3, 2011 and made calls at least through March 29, 2012.  *See Rees Decl.*, Ex. A.  The Account Notes include notations for approximately 35 calls placed to Plaintiff's home phone number during the period from May 3, 2011 through March 29, 2012 and show no calls made to any other telephone numbers.  *See id.*  The notations reflect that the majority of the calls went to Plaintiff's answering machine or were unanswered.  *See id.*  The Account Notes further reflect that the calls were answered only a small number of times.  *See id.*

The Phone Log shows 55 calls placed to Plaintiff's home phone from November 18, 2011 through April 18, 2012.  *Rees Decl.*, Ex. B.  The annotations for the dates of the calls show that calls were placed every few days, with no instances on which calls were placed on two consecutive days, that Defendant placed between one and three calls per day, and that Defendant called between the hours of approximately 11 a.m. and 11 p.m.  *Id.*  There are no instances in the phone logs showing more than three calls placed on a single day after November 18, 2011.  According to the Phone Log, the call was answered on nine occasions:  once by "spouse," presumably Plaintiff's husband Keith Johnson; twice by "customer," presumably Plaintiff; and six times by "third party," presumably Plaintiff's mother in law, Gladys June Johnson ("Gladys Johnson"), who lived with Plaintiff and her husband.  *Id.*  The Phone Log further reflects that on one occasion a message was left with the third party.  *Id.*  The Phone Log, however, contains no information prior to November 18, 2011.  *Id.*

Finally, Defendant submits Plaintiff's response to Defendant's interrogatories[1] and request for admissions.  *See Morgan Decl.*, Exs. A & B.  In her response to Defendant's request for admissions, Plaintiff admits that she failed to make minimum payments on the account at issue, that she shares her home telephone number with Gladys Johnson, that Defendant was not the only collection company contacting her for the payment of an outstanding financial obligation, and that she did not send Defendant a written request to stop calling her.  *Id.*, Ex. B.  However, Plaintiff denies that Defendant never called her back immediately after she hung up, that she never spoke with Defendant, and that she never answered the phone when Defendant attempted to contact her.  *Id.*

### ii.    *Plaintiff's Evidence*

Plaintiff's evidence in opposition to Defendant's motion for summary judgment consists primarily of three declarations:  Plaintiff's own declaration; the declaration of Keith Johnson, and the declaration of Gladys Johnson (collectively, "the Johnsons").  In their declarations,

---

[1] The responses to the interrogatories are discussed in Part A, *ii.*, below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Plaintiff, Keith Johnson, and Gladys Johnson attest to the frequency of the calls from Defendant, specifically that Defendant called at least once per day during the period from August 2011 through April 2012, sometimes calling as many as five times on a single day. *See Angela Johnson Decl.* ¶¶ 2, 6-8 ("Between August 2011 and April 2012, PRA called me regarding a twelve year old debt owed to Sears. . . . I received a call from PRA at least once a day during this time period. On several days, I received three or more telephone calls from PRA. PRA called as many as five times in a single day on occasion."); *Gladys Johnson Decl.* ¶¶ 3-4 ("Between August 2011 and April 2012, PRA called our home telephone . . . on a regular and repeated basis. PRA called our home telephone number []at least once a day during this time period, and on many days three or more times."); *Keith Johnson Decl.* ¶ 3 ("Between August 2011 and April 2012, I received repeated harassing telephone calls from PRA at our home telephone . . . and to my cellular telephone number."). The Johnsons also state that they received over 25 calls per month from August 2011 through March 2012. *See Angela Johnson Decl.* ¶ 9 ("I received in excess of twenty-five calls per month from PRA during the months of August 2011, September 2011, October 2011, November 2011, December 2011, January 2012, February 2012, and March 2012."). Plaintiff and Gladys Johnson also state that Defendant sometimes called them back immediately after they had completed a call with Defendant. *See id.* ¶ 11 ("PRA also regularly called me back immediately after I hung up the telephone from a prior call from one of its collectors."); *Gladys Johnson Decl.* ¶ 6 ("PRA on occasion called me back immediately after I terminated a prior call with them."). In their declarations, the Johnsons also state that they knew the call was from Defendant because Defendant's name would appear on their caller identification. *See Angela Johnson Decl.* ¶ 12 ("I knew it was PRA calling each time as its name would appear on the caller ID of the telephone being called. PRA's calls could not be confused with any other company calling for this reason."); *Gladys Johnson Decl.* ¶ 7 ("When PRA called, its name appeared on our home telephone caller ID. This is how I knew it was PRA calling each time."); *Keith Johnson Decl.* ¶ 5 ("When PRA called, its name appeared on our home telephone's caller ID. This is how I knew it was PRA calling each time.").

Further, the Johnsons state that they each had conversations with Defendant's representatives on a number of occasions. *See Angela Johnson Decl.* ¶ 10 ("I had several conversations with Defendant, well in excess of the ten conversations referenced in Defendant's Motion."); *Gladys Johnson Decl.* ¶ 5 ("I spoke with PRA's representatives on several occasions, well in excess of the ten conversations referenced in Defendant's Motion."); *Keith Johnson Decl.* ¶ 6. The Johnsons additionally declare that they each repeatedly told Defendant to stop calling, but that Defendant continued to call after such requests. *See Angela Johnson Decl.* ¶ 17 ("I told PRA to stop calling me on several occasions, but they continued to call me anyway."); *Gladys Johnson Decl.* ¶ 11 ("I told PRA's representatives on several occasions to stop calling, but they continued to call despite this request."); *Keith Johnson Decl.* ¶ 6 ("I told PRA's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
| --- | --- | --- | --- |
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

representatives on several occasions to stop calling, but they continued to call despite this request.").

Finally, Gladys Johnson states that when she spoke with PRA representatives, the representatives told her that they wanted to speak with Plaintiff regarding an "important personal matter." *Gladys Johnson Decl.* ¶ 8. Plaintiff contends that this statement was a misrepresentation because the calls and the debt about which Defendant was calling were not important to Plaintiff or Gladys Johnson. *See Angela Johnson Decl.* ¶ 4 ("This debt was not important to me at the time Defendant was calling as it was beyond the statute of limitations and was twelve years old."); *Gladys Johnson Decl.* ¶ 9 ("PRA's calls were not important to me.").

Plaintiff additionally submits her responses to Defendant's interrogatories, which Defendant also submitted in support of its motion. *See Bennecoff Decl.*, Ex. A; *see also Morgan Decl.*, Ex. A. In response to the interrogatories, Plaintiff states that she cannot recall the specific date and time of each phone call from Defendant, but that Defendant called her home telephone number, her cellular telephone number, and her husband's cellular telephone number at least once per day from August 2011 through the end of April 2012. *Bennecoff Decl.*, Ex. A at 1-2. Plaintiff further states in the interrogatories that Defendant called Plaintiff more than five times per day on several days and well in excess of twenty-five times per month. *Id.* at 4. Plaintiff also stated in the interrogatory response that both Gladys Johnson and Keith Johnson spoke with Defendant's representatives. *Id.* According to the interrogatory response, Gladys Johnson had at least one conversation with Defendant in which she told Defendant's collectors that Plaintiff could not be reached at the home number during the day and was given a message that the collector was calling about an important personal matter and that Plaintiff should return the call. *Id.* According to the interrogatories, Keith Johnson also spoke with Defendant's collectors on at least one occasion during which they spoke about the specific nature of the debt. *Id.* at 2.

B.   <u>Whether the Declarations Are Sufficient to Raise a Triable Issue of Fact</u>

Defendant asserts that Plaintiff's evidence is insufficient to create a triable issue of fact for two reasons: first, Defendant argues that Plaintiff's declarations are merely conclusory and self-serving, and without additional corroboration cannot raise a triable issue of fact; and second, that even if the Court were to accept that the declarations were sufficient to raise a triable issue, they do not raise a material issue of fact because the statements in the declarations are insufficient to support any of Plaintiff's claims.

i.   *Sufficiency of Declarations*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Defendant contends that Plaintiff may not rely on the declarations as evidence in support of her claims because they merely repeat the conclusory allegations set forth in the Complaint and are uncorroborated, self-serving testimony. *Reply* 2:4-24. Defendant specifically notes that Plaintiff failed to present any documentations, such as phone records or a calendar showing the calls purportedly made to Plaintiff. *Id.* 3:10-13. Defendant is correct that a party may not necessarily avoid summary judgment merely by submitting a sworn affidavit. The Supreme Court has stated that the object of Rule 56

> "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues."

*Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888-89 (1990) (internal citations omitted). Accordingly, "uncorroborated and self-serving" testimony alone may be insufficient to raise a genuine issue of material fact in order to defeat a motion for summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *see also S.E.C. v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

However, the mere fact that an affidavit is self-serving and uncorroborated by documentary evidence (such as phone records) does not necessarily mean that it is insufficient to raise a genuine issue for trial. *See Phan*, 500 F.3d at 909. First, that an affidavit is self-serving—as Plaintiff's declarations in opposition to Defendant's motion certainly are—"bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." *U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999). In other words, a declaration does not fail to raise a triable issue merely because it is self-serving. Rather, "[i]f the affidavit stated only conclusions, and not 'such facts as would be admissible in evidence,' then it would be too conclusory to be cognizable." *Id.* (citing Fed. R. Civ. P. 56(e)); *see also Phan*, 500 F.3d at 909 ("Only in certain instances—such as when a declaration state[s] only conclusions, and not such facts as would be admissible in evidence—can a court disregard a selfserving declaration for purposes of summary judgment.") (internal quotation marks omitted) (edit in original). On the other hand, if the affidavit states facts about which the declarant has personal knowledge and is competent to testify, the declaration may be used to raise a triable issue of fact. *Shumway*, 199 F.3d at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Defendant contends that Plaintiff's evidence is no more than uncorroborated, self-serving testimony and so does not raise a triable issue of fact. However, the Court cannot say that the evidence is so insufficient that it must be disregarded for purposes of determining whether Plaintiff has raised a genuine issue of fact such that summary judgment is improper. While the Ninth Circuit has on occasion approved of a district court disregarding a sworn affidavit when considering a motion for summary judgment, the affidavits in those cases suffered from deficiencies that are not present in this case. For example, in *Villiarimo v. Aloha Air, Inc.*, the Ninth Circuit approved of the district court's decision to disregard a declaration that included facts beyond the declarant's personal knowledge and provided no indication of how the declarant knew the statement to be true. *Villiarimo*, 281 F.3d at 1059 n.7. Similarly, the Ninth Circuit has declined to find a genuine issue based only on vague, conclusory answers to interrogatories, *Carter v. Clark Cnty.*, 459 F. App'x 635, 636 (9th Cir. 2007), or when the only evidence was the plaintiff's own speculation, *Korkosz v. Clark Cnty.*, 379 F. App'x 593, 596 (9th Cir. 2010).

In contrast, in *S.E.C. v. Phan*, the Ninth Circuit concluded that the district court had erred in discounting testimony that was within the declarants' personal knowledge and involved their own actions. *Phan*, 500 F.3d at 910. In *Phan*, the district court had relied on *Villiarimo* to conclude that the declarations of two defendants, in which the defendants testified to their own conversations, could be disregarded for purposes of summary judgment because the declarations were self-serving and uncorroborated by external evidence. *Id.* The Ninth Circuit, however, found that the declarations in *Phan* were unlike those in *Villiarimo* and so could not be disregarded at the summary judgment stage. *Id.* Specifically, the declarations in *Phan* were unlike those in *Villiarimo* because the declarations in *Phan* attested to the declarants' own actions and provided a basis for their testimony, while the testimony in *Villiarimo* was outside of the declarant's personal knowledge and provided no basis for the declarant's knowledge of the facts to which he attested. *Id.* Thus, the declarations in *Phan* were not "uncorroborated and self-serving" within the meaning of *Villiarimo* and other authority permitting such testimony to be disregarded and so the court was required to consider them at the summary judgment stage. *Id.*

Here, Plaintiff has submitted three declarations, in which the declarants testify to facts, not mere conclusions, and provide a basis for their knowledge of the facts to which they attest. Each of the declarants attest to the number, pattern, and frequency of calls they received from Defendant and state that they knew the calls were from Defendant because Defendant's name appeared on their caller identification system. *See Angela Johnson Decl.* ¶¶ 6-8, 11-12; *Gladys Johnson Decl.* ¶¶ 4-7; *Keith Johnson Decl.* ¶¶ 4-6. It is appropriate for the Court to consider such factual statements in affidavits for purposes of determining whether a party has raised a triable issue of fact. *See Shumway*, 199 F.3d at 1104 ("If the affidavit stated only conclusions, and not 'such facts as would be admissible in evidence,' then it would be too conclusory to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

cognizable, but Mr. Shumway's affidavit was not inadmissible for failure to state facts. It does state facts." (quoting Fed. R. Civ. P. 56)). Each of the declarants also attest to conversations they had with Defendant's representatives. *Angela Johnson Decl.* ¶ 17; *Gladys Johnson Decl.* ¶¶ 5, 8, 11; *Keith Johnson Decl.* ¶ 6. A conversation in which the declaration personally engaged is the type of information to which a declarant may testify, even if that testimony is uncorroborated and self-serving. *See Phan*, 500 F.3d at 910 ("Moreover, it is unremarkable that the defendants could not otherwise corroborate their personal conversations. That is likely to be the case regarding most conversations between two people, and does not disqualify either participant from testifying about the interchange—subject, of course, to a credibility determination by the finder of fact. The district court was thus wrong to disregard the declarations as 'uncorroborated and self-serving.'"). In sum, the declarations at issue in this case relate to matters within the declarants' personal knowledge and the declarants provide a basis for this knowledge. As such, the Court cannot disregard them as uncorroborated and self-serving. *See id.* at 909-910; *Shumway*, 199 F.3d at 1104.

Further, the information is included in not one but three sworn affidavits and corroborated by Plaintiff's response to Defendant's interrogatories. *See Morgan Decl.*, Ex. A; *Bennecoff Decl.*, Ex. A. That Plaintiff has failed to provide records to support her assertions about the frequency of calls and the statements in the declarations appear to contradict records provided by Defendant raise issues of weight and credibility, which are reserved for a trier of fact and should not be resolved on a motion for summary judgment. *See S.E.C. v. M & A W., Inc.*, 538 F.3d 1043, 1054-55 ("This Court, and others, have long recognized that summary judgment is singularly inappropriate where credibility is at issue.") (internal quotation marks omitted); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 968 (9th Cir. 1981) ("Although Pioneer may have presented the greater weight of evidence, it is not the function of the trial judge to weigh the evidence when the case is only at the preliminary state of a motion for summary judgment. Such decisions are best left to the jury."). Thus, the Court must consider Plaintiff, Gladys Johnson, and Keith Johnson's declarations for purposes of determining whether Plaintiff has raised a triable issue of fact. *See Phan*, 500 F.3d at 910 ("The upshot is that for present purposes, we must take the description of the option transaction contained in Yang's and Phan's declarations as true.").

> **ii.** *Whether the Evidence in the Declarations Supports a Finding That Defendant Violated the FDCPA or the Rosenthal Act*

Upon review of the record before the Court—including the declarations submitted by Plaintiff—the Court concludes that Plaintiff has raised a triable issue of fact on her first and second claims for violation of 15 U.S.C. § 1692d, as well as her sixth claim under the Rosenthal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Act, but has failed to raise a triable issue of fact on her third and fourth claim under 15 U.S.C. § 1692e and her fifth claim under 15 U.S.C. § 1692f.

   a.      *15 U.S.C. §§ 1692d & 1692d(5)–First & Second Causes of Action*

   Plaintiff's first and second cause of action allege violations of the FDCPA pursuant to 15 U.S.C. § 1692d.  *See Compl.* ¶¶ 25-28.  Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Section 1692d includes a non-exhaustive list of conduct that constitutes harassment, oppression or abuse, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d(5).  Examples of harassing behavior under § 1692(d) include making a high volume of calls, calling the debtor immediately after hanging up, calling at odd hours, calling at the debtor's place of employment, or calling multiple times in a single day.  *See, e.g.*, *Stirling v. Genpack Servs., LLC*, No. 2:11-cv-06369-JHN-MANx, 2012 WL 952310, at *2-4 (C.D. Cal. 2012) (denying summary judgment because a reasonable trier of fact could conclude that making 649 calls to the plaintiff's home phone number over 115 days, with an average of 5 to 6 calls her day, every day, was sufficient to establish liability under § 1692d(5)); *Jiminez v. Accounts Receivable Mgmt., Inc.*, No. CV 09-9070-GW (AJWx), 2010 WL 5829206, at *5 (C.D. Cal. Nov. 15, 2010) (noting that an "unacceptable pattern of calls" would include, among others, calling outside of the hours of 8 a.m. to 8 p.m., regularly calling multiple times per day, and calling back after the plaintiff had spoken to or hung up on one of the defendant's agents); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E.D. Cal. 2010) (noting that calling numerous times per day and calling the debtor outside of her home or calling her family members could constitute harassment under § 1692d(5)).  Further, a debt collector may harass a debtor by continuing to call the debtor after the debtor has requested that the debt collector cease and desist communication.  *Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1516 (9th Cir. 1994).

   Here, in addition to evidence of a high volume of calls, Plaintiff has provided evidence that Defendant on occasion called Plaintiff's residence immediately after hanging up and called multiple times per day.  *See Angela Johnson Decl.* ¶¶ 7-8, 11; *Gladys Johnson Decl.* ¶¶ 4, 6; *Keith Johnson Decl.* ¶ 4.  The Phone Log also shows several days on which Defendant called Plaintiff multiple times, with several dates on which there were two or three calls placed to Plaintiff per day.  *See Rees Decl.*, Ex. B.  Admittedly, the Phone Log does not show any two calls placed within a short time frame and thus does not provide evidence that Defendant ever called immediately after hanging up.  However, the phone log begins on November 18, 2011, which is four months after Plaintiff asserts Defendant began the conduct at issue, so the phone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

records do not themselves show that Defendant never called Plaintiff back immediately after hanging up. The Phone Log also shows that Defendant sometimes called Plaintiff at odd hours, with multiple calls placed after 10:00 p.m. and as late as 10:55 p.m. *See id.* As noted above, calling at odd or late hours, calling multiple times per day, and calling immediately after hanging up may be evidence of harassment under § 1692d. *See, e.g, Stirling*, 2012 WL 952310, at *2-4; *Jiminez*, 2010 WL 5829206, at *5; *Arteaga*, 733 F. Supp. 2d at 1228. Because Plaintiff has presented evidence of such conduct, Plaintiff has raised a triable issue of fact regarding whether Defendant violated § 1692d by making harassing calls to Plaintiff. *See* 15 U.S.C. § 1692d(5).

Further, Plaintiff has presented evidence that Defendant continued calling Plaintiff after Plaintiff, Gladys Johnson, and Keith Johnson requested that Defendant cease calling. *See Angela Johnson Decl.* ¶ 17; *Gladys Johnson Decl.* ¶ 11; *Keith Johnson Decl.* ¶ 6. The Account Notes and Phone Log also provides some evidence that Defendant continued to call Plaintiff after Plaintiff and her family members requested that Defendant cease making calls to Plaintiff. The Account Notes show instances in February and March 2012 on which Defendant's representative had conversations with someone at Plaintiff's home telephone number indicating that the speaker wanted Defendant to cease making calls. *See Rees Decl.*, Ex. A. For example, the notation for a call made to Plaintiff's telephone number at 12:52 p.m. on February 17, 2012 states: "LOP YELLING THAT WE CALL 6* A DAY . . . LOP HU." *Id.* Similarly, the notation for a call made at 1:29 p.m. on March 29, 2013 states: "SPOKE W/ N1 HUSBAND, SD THAT THEY ARE WORKING W/ A LAWYER & HAVE PLACED A CALL TO THE FDC B/C OF HARASSMENT FROM PRA, SD THAT THEY RECEIVE CALLS FROM 630 AM UNTIL 11 PM & @ LEAST 6 CALLS PER DAY, SD THEY HAVE TRIED TO WORK WITH US BUT WHAT THEY OFFERED WAS NEVER ENOUGH." *Id.* Further, the Phone Log shows multiple calls placed after these conversations. *Id.*, Ex. B. Thus, the declarations, Account Notes, and Phone Records provide evidence that Defendant continued to call Plaintiff after Plaintiff or a member of her family requested that Defendant cease calling. Such conduct raises a triable issue of fact regarding whether Defendant engaged in harassing conduct under § 1692d(5). *See Fox,* 15 F.3d at 1516.

Defendant contends that this evidence is insufficient to raise a triable issue of fact on Plaintiff's § 1692d claims because a high number of calls alone is insufficient to show harassment and the number of calls is not excessively high in this case. *Reply* 4:18-7:12. The Court concurs with Defendant that "the volume of calls itself is not determinative of whether the collector intended to harass or abuse the called party." *Id.* 5:13-15. Rather, courts look at the volume and pattern of calls to determine whether the calls are likely to harass. *See, e. g.*, *Krapf v. Nationwide Credit Inc.*, No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323, at *3 (C.D. Cal. 2010); *Arteaga*, 733 F. Supp. 2d at 1227; *Joseph v. J.J. Mac Intyre Co., L.L.C.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002). However, contrary to Defendant's assertion, Plaintiff's claims do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|----------|-------------------------|------|---------------|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

not rest on the number of calls alone. Rather, as discussed above, the evidence, when viewed in the light most favorable to Plaintiff, includes that Defendant called Plaintiff daily over several months, with as many as five calls in a day; that calls were sometimes made at late hours; that Defendant on occasion called Plaintiff back immediately after Plaintiff or a family member had hung up; and that Defendant continued to call after Plaintiff or a family member requested that Defendant stop calling.

Moreover, the cases upon which Defendant relies on are distinguishable from the present case, as they all either include far fewer calls to the plaintiff than in the present case or lack additional indicia of harassment that is present here, such as calling back after immediately hanging up, calling at odd hours, and calling after the plaintiff had requested the debt collector cease calling. *See, e.g.*, *Jimenez*, 2010 WL 5829206, at *5 (finding no evidence of an unacceptable pattern of calls when there was no evidence that the defendant ever called after 9 p.m., there was only one day on which more than two calls were made, no calls were placed immediately after the plaintiff had spoken to a collection agent, and the plaintiff never requested that the defendant cease calling); *Arteaga*, 733 F. Supp. 2d at 1229 ("None of the egregious conduct identified above is present in this case. Ms. Arteaga presents no evidence that Asset called her immediately after she hung up, called multiple times in a single day, called her place of employment, family, or friends, called at odd hours, or called after she requested Asset to cease calling."); *Waite v. Fin. Recovery Servs. Inc.*, No. 8:09-cv-2336-T-33AEP, 2010 WL 5209350, at *4 (M.D. Fla. Dec. 16, 2010) (finding no triable issue of fact on a § 1692d claim when the defendant called approximately once per day, did not call at inconvenient times and typically did not call after 7 p.m., and the plaintiff had not requested that the defendant cease calling); *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1143-44 (D. Kan. 2004) (granting summary judgment in defendant's favor when the § 1692d claim was based on four telephone calls placed over seven days).

In sum, there is evidence on the record raising a triable issue of fact regarding whether Defendant called Plaintiff daily, whether Defendant ever called Plaintiff back immediately after ending a call with Plaintiff or her family, whether Defendant made the calls at odd hours, and whether Defendant continued calling after Plaintiff requested that Defendant cease doing so. From this evidence, a reasonable tried of fact could conclude that Defendant engaged in harassing conduct under § 1692d. Accordingly, Defendant's motion for summary judgment is DENIED as to Plaintiff's first and second causes of action for violation of § 1692d and § 1692d(5) of the FDCPA.

> **b.**     *15 U.S.C. §§ 1692e &1692e(10)–Third & Fourth Causes of Action*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Plaintiff's third and fourth causes of action are for violation of § 1692e and § 1692e(10) of the FDCPA.  *See Compl.* ¶¶ 29-32.  Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Among other examples of violative behavior, § 1692e(10) bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Plaintiff contends that Defendant violated § 1692e by stating that it was calling about "an important personal matter" when the matter was not important to Plaintiff or to her family members.  *Compl.* ¶¶ 29-32.

In order to succeed on a claim under § 1692e based on a false representation, a plaintiff must demonstrate that the defendant made a false statement and that the statement was material. *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).  In this context, the Ninth Circuit has defined material misstatements as "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose . . . her action concerning her debt."  *Id.*[2] The Ninth Circuit is "not concerned with mere technical falsehoods that mislead no one."  *Id.*

Here, the statement was neither false nor material.  Defendant's statement that it was calling about an "important personal matter" was not false merely because the debt was not important to Plaintiff.  Defendant asserts that the debt at issue was important to it, given that it is

---

[2]In its opposition to Defendant's motion, Plaintiff cites *Donahue* for the proposition that a representation is material if it "'may frustrate the consumer's ability to intelligently choose his or her response' to the collector's communications."  *Opp.* 11:28-12:5 (quoting *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010).  However, the Ninth Circuit's definition of material does not require that the statement frustrate the debtor's ability to choose how to respond to the collector's *communication*, but what action to take regarding the *debt itself.* While the precise language to which Plaintiff cites is somewhat ambiguous on this point, the context makes clear that the statute is concerned with a plaintiff's response to the debt, not the communication.  The relevant passage from *Donahue* reads as follows:  "In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. Here, the statement in the Complaint did not undermine Donohue's ability *to intelligently choose her action concerning her debt.* Based on the information in the Complaint, Donohue could have challenged the accuracy or legality of the total debt and principal owed, futile as that may have been, or Donohue could have paid the accurately stated sum to settle her debt."  *Id.* (internal citation omitted) (emphasis added).  Thus, the Court is concerned with whether the statement that Defendant was calling about an "important personal matter" would frustrate Plaintiff's ability to choose how to deal with the debt itself, not whether to return Defendant's call.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

in the business of collecting on debts. *Rees Decl.* ¶ 14 ("Collecting payment on the Account was important to PRA, because PRA is in the business of acquiring delinquent accounts and collecting them.").   Further, even if the Court were to accept that the debt were not important to Defendant, such general statements as "important personal matter" are not understood to be false factual statements, but "puffing" meant to create a mood rather than convey concrete information or misinformation.  *See, e.g., Zemekis v. Global Credit & Collections*, 679 F.3d 632, 636 (7th Cir. 2012) (rejecting the plaintiff's argument that the collector's letter urging her to "take action now" and call "today" was false as creating a false sense of urgency); *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 575-76 (7th Cir. 2004) (concluding that the statement "Act now to satisfy your debt" was in the nature of puffing and so not actionable under § 1692e(10)).

Finally, even if the statement were false, it was not material because there is no evidence that the statement would in any way frustrate Plaintiff's ability to choose what action to take concerning her debt. *See Donahue*, 592 F.3d at 1034. The statement was not likely to frustrate Plaintiff's ability to take action concerning her debt because it in no way related to any facts about the debt itself and was aimed only at encouraging Plaintiff to return Defendant's call to discuss the debt. *See, e.g, Taylor*, 365 F.3d at 575-76; *Zemekis*, 679 F.3d at 636. Plaintiff contends that the use of the term "important" was material because it created a sense of urgency and alarm, which would prompt a debtor to react differently than if such language were not used. *Opp.* 12:19-22. However, Plaintiff does not identify any support for her assertion that creating a sense of urgency is material and the Court is persuaded by Defendant's citations to the contrary.[3] *See, e.g., Taylor*, 365 F.3d at 575-76; *Zemekis*, 679 F.3d at 636. Because there is no evidence or law to support the contention that Defendant's statement frustrated Plaintiff's ability to choose how to deal with her debt, there is no triable issue of fact regarding whether the statement was material.

In sum, Plaintiff has failed to raise a triable issue of fact on her claims under § 1692e because she has failed to show that Defendant made a material misrepresentation.  Accordingly, Defendant's motion for summary judgment is GRANTED as to Plaintiff's third and fourth causes of action.

       *c.*      *15 U.S.C. § 1692f–Fifth Cause of Action*

---

[3] The Court also notes that while Plaintiff contends that the use of the phrase "important personal matter" conveyed a sense of urgency and alarm, Plaintiff does not appear to have considered the matter urgent or alarming, as she did not return any of Defendant's calls and asserts that she was aware of the debt but the debt was not important to her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

Plaintiff's fifth cause of action is for violation of § 1692f of the FDCPA.  *Compl.*¶¶ 33-34.  Section 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The section furnishes eight nonexhaustive examples of conduct that constitutes unfair or unconscionable means within the meaning of the section.[4]  There is no evidence of any conduct by Defendant that is remotely similar to the examples provided.  Plaintiff bases her claims only on the number of calls and the purportedly false statement, both of which have been discussed above.  However, § 1692f provides no indication that this particular provision was meant to create a cause of action based on a debt collector's action of making voluminous calls or making false statements to debtors.  Indeed, that the FDCPA provides specific provisions creating causes action for such actions and provides examples of violations of § 1692f that are in no way similar to the conduct proscribed in §§ 1692d and 1692e suggests just the opposite.  Because Plaintiff has presented no evidence of actions that are similar to those specifically proscribed by § 1692f, Defendant's motion for summary judgment is GRANTED as to this cause of action.  *See Fox*, 15 F.3d at 1519 (finding that there was no violation of § 1692f when "no evidence ha[d] been offered of any conduct by the defendants in the least comparable with the conduct condemned [by § 1692f]").

---

[4] The section provides the following examples: "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit. (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution. (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument. (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees. (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement. (7) Communicating with a consumer regarding a debt by post card. (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

####          d.        *Rosenthal Act–Sixth Cause of Action*

The Rosenthal Act is California's version of the FDCPA, as it "mimics or incorporates by reference the FDCPA's requirements." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("California has adopted a state version of the FDCPA, called the Rosenthal Act."); *see also* Cal. Civ. Code. § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."). Claims under the Rosenthal Act are examined identically to claims under the FDCPA. *See Riggs*, 681 F.3d at 1100 (noting that whether the action at issue violated the Rosenthal Act turned on whether it violated the FDCPA). Thus, because Plaintiff has raised a triable issue of fact as to her FDCPA claims—at least in regard to § 1692d—Plaintiff has also raised a triable issue on her claim under the Rosenthal Act. Accordingly, Defendant's motion for summary judgment is DENIED as to Plaintiff's sixth cause of action for violation of the Rosenthal Act.

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

- The Court DENIES Defendant's motion as to Plaintiff's first cause of action for violation of the FDCPA pursuant to 15 U.S.C. § 1692d.

- The Court DENIES Defendant's motion as to Plaintiff's second cause of action for violation of the FDCPA pursuant to 15 U.S.C § 1692d(5).

- The Court GRANTS Defendant's motion as to Plaintiff's third cause of action for violation of the FDCPA pursuant to 15 U.S.C § 1692e.

- The Court GRANTS Defendant's motion as to Plaintiff's fourth cause of action for violation of the FDCPA pursuant to 15 U.S.C § 1692e(10).

- The Court GRANTS Defendant's motion as to Plaintiff's fifth cause of action for violation of the FDCPA pursuant to 15 U.S.C § 1692f.

- The Court DENIES Defendant's motion as to Plaintiff's sixth cause of action for violation of the Rosenthal Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4261 PSG (AJWx) | Date | June 24, 2013 |
|----------|--------------------------|------|----------------|
| Title    | *Angela Johnson v. Portfolio Recovery Associates, LLC* | | |

**IT IS SO ORDERED.**